UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>KEVIN GERALD HEILAND,<br><br>              Defendant. | CASE NO. CR14-5188 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS |

This matter comes before the Court on Defendant Kevin Gerald Heiland's ("Heiland") motion to suppress (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 8, 2014, the Government filed a complaint against Heiland asserting violations of 18 U.S.C. 2252(a)(2) and 2252(a)(4)(B), receipt and possession of child pornography.  Dkt. 1.

On June 18, 2014, Heiland filed a motion to suppress. Dkt. 23. On July 7, 2014, the Government responded. Dkt. 30.

## II. FACTUAL BACKGROUND

This case stems from a search warrant that was issued to search the home of Heiland's neighbor, D.C., for electronic devices that may contain child pornography. After searching all of D.C.'s devices with negative results, the officers learned that Heiland had set up D.C.'s internet network and unsecured Wi-Fi. The officers approached Heiland's house and learned that Heiland was at work. They eventually contacted Heiland and requested consent to search his computer. Heiland gave his consent, and the officers discovered multiple images of child pornography.

## III. DISCUSSION

**A.   Standing**

To establish standing to challenge the legality of a search or seizure, a defendant must demonstrate that he has a legitimate expectation of privacy in the property that was searched. *Rakas v. Illinois*, 439 U.S. 128, 149 (1978); *Katz v. United States*, 389 U.S. 347, 353 (1967). To make this showing, a defendant must establish a subjective expectation of privacy in the area to be searched that society recognizes as objectively reasonable. *Id.* at 361.

In this case, Heiland has failed to establish standing to contest the search. Heiland argues that he "has standing to contest the search of 'D.C.' and his wife's home . . . because he had a legitimate expectation of privacy in his computer and its contents . . . ." Dkt. 23 at 7. With regard to the computer, the Court agrees that Heiland had a legitimate

Case 3:14-cr-05188-BHS   Document 35   Filed 07/31/14   Page 3 of 3

expectation of privacy in the computer and its contents.  *United States v. Heckenkamp*, 482 F.3d 1142, 1146 (9th Cir.2007) ("We hold that he also had a legitimate, objectively reasonable expectation of privacy in his personal computer.").  Such an expectation, however, does not extend to either Heiland's neighbor's house or the neighbor's internet service over which Heiland allegedly accessed and downloaded child pornography.  One simply may not have a legitimate expectation of privacy while illegitimately accessing the internet.  Therefore, the Court denies Heiland's motion to contest the search of D.C.'s house for lack of standing.

**B.     Consent**

With regard to the personal computer, Heiland consented to this search.  Dkt. 23 at 6.  In the current motion, Heiland fails to contest the validity of his consent and the uncontested facts before the Court are sufficient to conclude that the consent was knowing and voluntary.  Therefore, the Court denies the motion as to the search of Heiland's computer.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Heiland's motion to suppress (Dkt. 23) is **DENIED**.

Dated this 31st day of July, 2014.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3